## CUDAHY PACKING CO. *v.* FAIRBANKS CANNING CO. ET AL.

### Bristol, February, 1906.

*Land  Registration — Practice — Easements, Determination and Enforcement — Equity.*

This case raises an often recurring question in regard to the jurisdiction of this court as to the regulation and control of the mode of user of easements.

The Merchants Manufacturing Co., owning a large tract of land in Fall River suitable for manufacturing and business purposes, laid out a strip for a spur railroad track through it, divided it into lots, and in 1900 began to sell the lots to the various parties to this suit, together with a common right to use said strip and track subject to certain conditions and regulations as to the mode of user, and the payment of certain compensation to be apportioned according to the amount of user by the respective parties. The petitioner having applied for registration of title to the land purchased by it of the said Merchants Co., and some questions and disputes having arisen as to the rights of the several parties purchasing from said Merchants Co. to use said track as now constructed, and other portions which may under the terms of said deeds be constructed, and also as to the amount of compensation properly payable for such use, it has been contended that these matters can and should be determined in these proceedings.

The land registration act however is an act which looks solely to the determination of the status of the title to a given tract of land. The land court has full power both at law

and in equity as to all questions that may arise in determining that matter, but there its jurisdiction ends. Its decrees are decrees in rem. The sole matter before it is the land, its title, its location on the ground, and an official declaration of the vested rights of any persons therein. In what manner the rights so determined shall be exercised, controlled or protected, is not a matter as to which this court has jurisdiction or machinery adapted either to its determination or enforcement. So with its miscellaneous jurisdiction. Suits and proceedings having to do with the determination of the title to land have been transferred to this court, but all matters of equity have been excluded. Suits to quiet title under Revised Laws, Chapter 182, have been transferred to the land court, but bills in equity under the same chapter of the statutes have not. Nor does it seem to be a hardship, but rather an advantage, that the jurisdiction should be thus divided. It is a difficult and often an impracticable matter in a common law, equitable or ordinary statutory proceeding to determine the exact status of a title, while the peculiar machinery of this court is speedy and expressly adapted to that end. On the other hand the enforcement of rights and remedies in equity and in personam is neither within the proper province nor procedure of a purely technical court. I rule that neither the identity of the persons and corporations now maintaining rails or spur tracks on said strip, nor the amount of the compensation demanded or paid for the use of such rails or spur track is material or properly in issue in this proceeding, or should appear in the decree for registration of title. There may be registered, however, as appurtenant to the petitioner's estate a right of way over a portion of said eleven foot strip of land as established and described in the deed from the Merchants Manufacturing Co. to the petitioner, said right of way to be used in common with all others entitled thereto, subject to the restrictions, conditions, reservations, and agree-.

ments as set forth in said deed, and in the deed from the Merchants Manufacturing Co. to the Fairbanks Canning Co.

Decree accordingly.

A. S. Phillips for petitioner.

J. W. Cummings, Jennings, Morton & Brayton for respondents.